IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT TRACY CALLOWAY, | : | |
| Petitioner | : | |
| | : | |
| VS. | : | 1 : 08-CV-146 (WLS) |
| FRED BURNETTE, Warden, | : | |
| Respondent. | : | |

## RECOMMENDATION

This is the petitioner's second federal habeas petition, his first having been dismissed based on a lack of exhaustion on May 25, 2007. *Calloway v. Upton*, No. 1: 04-CV-58 (M.D.Ga. *dismissed* May 25, 2007).[1] The respondent has again filed a Motion to Dismiss based on a lack of exhaustion, arguing that the petitioner has a new attorney handling his direct appeal proceedings and that nothing has changed regarding exhaustion since his last petition was dismissed, meaning that petitioner's claims remain unexhausted.

The petitioner filed his first federal habeas petition on May 4, 2004, challenging his 2002 Sumter County convictions for kidnaping, false imprisonment, aggravated assault, and aggravated battery. According to the respondent, the petitioner has not fully pursued a direct appeal of his convictions or filed a state habeas petition challenging his convictions, although he does have a new attorney handling his direct appeal proceedings. The respondent maintains that

---

[1]This federal habeas petition is not successive, however, inasmuch as "a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

the petitioner can seek direct review of his convictions with the Georgia Court of Appeals and can also pursue a state habeas petition, and that if he bypasses these state remedies, all grounds would be procedurally defaulted.

Although the petitioner continues to maintain that the State has interposed delays in his appellate proceedings and that to require exhaustion at this point would only cause further delay, the respondent argues that much of the delay is attributable in some way to the petitioner's actions.  In light of the petitioner's apparent continued appellate representation, it does not appear that the petitioner has suffered inordinate delay in his state proceedings.  *Cf. Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (finding that petitioners may be excused from satisfying the exhaustion requirements when the "state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights.").

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).  The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

In order to satisfy this exhaustion requirement,  "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  Rather, the petitioner must present the state court with both the facts and the legal theories upon which he relies. *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978).   The petitioner has not exhausted the

grounds for relief raised herein, nor has he shown, in the alternative, that, regarding said grounds, "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

It is therefore the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 24th day of June, 2009.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb