IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROBERT T. CALLOWAY, SR., : <br>     Petitioner, : <br> : <br> vs. : <br> : <br> FRED BURNETTE, Warden, : <br>     Respondent. : | **CASE NO.:   1:08-CV-146 (WLS)** |

## ORDER

    Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge (Doc. 18) filed June 24, 2009.  It is recommended that Petitioner's second, but not successive, Petition for federal habeas relief in connection with his state court conviction also be dismissed for lack of exhaustion upon Respondent's motion (Doc. 9).  Petitioner vigorously opposed the motion to dismiss before the magistrate judge and has filed his timely objection to the recommendation of dismissal.

    The Magistrate Judge has set out the facts in this proceeding and the Court need not detail them here.  However, the Court is concerned with the undisputed fact that Petitioner's state conviction has gone without a review in the state courts for approximately seven years.  It is difficult to argue that seven years without a review of Petitioner's conviction either on direct appeal or state habeas review is an inordinate period of delay.

    As Petitioner points out, federal habeas court's may review state convictions on federal habeas where there has been an unjustified inordinate delay in the provision of

-1-

meaningful state review. While the Court sees little credible dispute as to the question of the length of the delay, the question of justification is not so clear or undisputed. Petitioner faults his several lawyers and the state while Respondent contends that the delay is substantially the fault of Petitioner. Therefore, the issue comes to this: Has Petitioner adequately established upon the record that the seven (7) year delay in the state review of his conviction is unjustified, that is, the fault of the state?

Petitioner argues persuasively that although he has been represented by at least three (3) lawyers no appeal has been filed, briefed, heard or a final decision entered. The Court has carefully reviewed Petitioner's briefs and that of Respondent. However, the Court notes that Petitioner failed entirely to respond to one fact noted and argued by Respondent, Petitioner's failure to seek available state habeas review of the alleged violation of his rights in connection with what he contends have been repeated unjustified failures of his appeal to go forward. Respondent points out Petitioner's right to proceed pursuant to O.C.G.A. § 9-14-40 *et*. *seq.* and O.C.G.A. §5-6-30.

Having failed to assert and redress his rights under these state provisions, Petitioner boldly suggests that the proper remedy is for this Court to grant him relief by ordering his immediate release. However, this Court is also cognizant of the fact that Petitioner has been convicted by a jury for serious felony offenses and any review of his convictions or appeal must be viewed in the light most favorable to the verdict. Additionally, comity between the federal and state courts is fundamental to our federal system and the long-held practice requiring review of state judgments first in the state court's before federal habeas claims are entertained in the federal courts is strictly observed, except in the most exceptional circumstances, *e.g.*, where unjustified and inordinate delay is clearly established upon the record. It is only then that it can be said that the state has failed to provide any meaningful review to the prejudice of a state petitioner's constitutional right of due process.

The Court finds for reasons not addressed by Petitioner, that he has failed to assert his state habeas rights pursuant to either O.C.G.A. § 9-14-40 *et*. *seq.* or O.C.G.A. § 5-6-30 *et*. *seq.* and has not shown that he has been prohibited from doing so. Petitioner's reasoning and lucid assertion of his claims in this Court causes the Court to doubt that he was or is unable to proceed to prosecute these rights if he wishes to. For this reason and because the record indicates that at least some of the delay complained of may have been caused by Petitioner, the Court OVERRULES Petitioner's objection.

Therefore, upon full review and consideration, the Court finds that said Recommendation should be, and hereby is, ACCEPTED AND ADOPTED, and made the Order of this Court for reason of the findings made and reasons stated therein together with the findings made, reasons stated and conclusions reached herein.

However, because the record is not detailed with regard to whether the delay of Petitioner's appeal is unjustified, *i.e.*, at whose fault, the Court will entertain a motion from Petitioner to reconsider this order if filed with an adequate factual showing that Petitioner has not substantially contributed to the delay of state review of his conviction. If Petitioner makes such showing the Court will order a hearing to further develop the record on the issue of lack of justification. Any motion to reconsider must be filed within 21 days of the entry of this order.

Accordingly, Respondent's Motion to Dismiss Petitioner's Second, but un-

successive, federal habeas petition for lack of exhaustion (Doc. 9) is GRANTED. Petitioner's petition is DISMISSED.

**SO ORDERED**, this   30th   day of **September, 2009.**


 /s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**