IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROBERT TRACY CALLOWAY, SR., | : |
| Petitioner, | : |
| VS. | :    1 : 08-CV-146 (WLS) |
| FRED BURNETTE, Warden, | : |
| Respondent. | : |

**RECOMMENDATION**

This federal habeas petition was filed by the Petitioner in October 2008. (Doc. 1). On June 24, 2009, the Magistrate Judge to whom this matter was referred issued a Recommendation that the Respondent's Motion to Dismiss be granted and that this Petition be dismissed as unexhausted. (Doc. 18). This Recommendation was adopted by the Honorable W. Louis Sands, U.S. District Judge, on September 30, 2009. (Doc. 24). On April 13, 2010, Judge Sands granted Petitioner's Motion for Reconsideration of the Order adopting the Recommendation and granting the Motion to Dismiss. (Doc. 28). The Court found that in his Motion for Reconsideration, the Petitioner made an adequate factual showing that he did not substantially contribute to the delay in the state review of his conviction, and therefore this matter should be set for a hearing on the issue of delay in the Petitioner's state court proceedings.

On August 3, 2011, a hearing was held before the undersigned, limited to the development of the issue of delay in the state review of Petitioner's conviction. The Respondent conceded at the hearing that the Petitioner had experienced delay in the review of his conviction in the state system and that this delay was neither justifiable nor attributable to the Petitioner. Petitioner was convicted after a jury trial in June 2002 in Sumter County, Georgia, on charges of kidnaping, aggravated assault, aggravated battery, and false imprisonment. A motion for new trial was filed on July 15, 2002, which remained pending until being amended in November 2008. The

amended motion for new trial was heard in March 2009 and was ultimately denied by the state superior court on June 20, 2011.  On June 23, 2011, a notice of appeal was filed by the Petitioner in the Georgia Court of Appeals, and Petitioner's appellate brief was filed on July 25, 2011.

Although Respondent has conceded that the delay in the state court system regarding the resolution of Petitioner's motion for new trial was unjustified and not attributable to the Petitioner, Respondent asserts that this federal petition should be dismissed as unexhausted. Respondent maintains that the review of Petitioner's conviction in the state system is moving forward once again, as Petitioner's appeal has been filed with the Georgia Court of Appeals and is being considered therein, and that this Court should dismiss this federal petition as unexhausted.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).  The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "The primary goal of the exhaustion doctrine is to prevent 'unnecessary conflicts between courts equally bound to guard and protect rights secured by the Constitution.'" *Galtieri v. Wainwright*, 582 F.2d 348, 362 (11th Cir. 1978) (quoting *Picard*, 404 U.S. 270)).

However, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may be considered, even though state remedies remain unexhausted, if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i) and (ii).  "[A] federal habeas petitioner need not wait until his claims are exhausted 'if the state court has unreasonably or without explanation failed to address petitions for relief.'" *Sloan v. Chapman*, 2011 WL 816789,

*2 (S.D.Ga.) (quoting *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991)); *see also Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (finding that petitioners may be excused from satisfying the exhaustion requirements when the "state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights.").

In *Sloan*, the Southern District of Georgia recognized that even when there has been a lengthy delay in the state process that is not attributable to the petitioner or otherwise excused due to unique circumstances, "if it is clear that the state court has awakened to its duties and visible progress toward disposition of the case is being made, the federal court should be hesitant to interfere." *Id.* at *3. The Eleventh Circuit so provides that once " the state courts [move] forward with [the petitioner's state case], we cannot say that 'there is an absence of available State corrective process [] or circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Slater v. Chatman*, 147 Fed.Appx. 959, 960 (11th Cir. 2005).

Here, it is clear that the Petitioner's direct appeal is now moving forward in the Georgia Court of Appeals, with Petitioner's amended motion for new trial ruled upon by the state superior court in June 2011 and a direct appeal filed in the Court of Appeals on June 23, 2011. Therefore, although Petitioner experienced a lengthy delay in the state review process that was not attributable to the Petitioner or otherwise excusable, the state corrective process is now moving forward, removing this case from the exceptions to the exhaustion requirement provided in § 2254 (b)(1). *See Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985) (exhaustion requirement not excused, despite delay in state proceedings, based on lack of evidence that delay was unreasonable and unjustified); *Wilkes v. Henderson*, 2009 WL 150939 (S.D.Ga.) (based on progress in state resolution of petitioner's claims, "it would not be proper to interfere and [] Petitioner should not be excused from the exhaustion requirement.").

Inasmuch as the Petitioner is currently pursuing available state court remedies regarding the grounds for relief raised in this federal habeas petition, it is the recommendation of the

undersigned that this federal habeas corpus petition be **DISMISSED** without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED,** this 29th day of September, 2011.

s/  *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb