# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT TRACY CALLOWAY, SR., | : | |
| Petitioner, | : | |
| v. | : | CASE NO.: 1:08-CV-146 (WLS) |
| FRED BURNETTE, Warden, | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff. (Doc. 50.) It is recommended that Petitioner's federal habeas corpus petition be denied without prejudice to Petitioner's right to refile once he has exhausted the remedies available to him in the state court system. (Doc. 50 at 4.) Counsel for Petitioner filed a timely Objection. (Doc. 53.)[1]

The Magistrate Judge found that despite the lengthy delay in the state review process, this case does not fall under the exception to the exhaustion requirement because Petitioner's direct appeal is moving forward in the Georgia Court of Appeals. (Doc. 50 at 3.) Petitioner argues in his Objection that the exhaustion requirement should still be waived, regardless of the case's movement, because the delay is the fault of the state and Petitioner's due process rights would continue to be violated by further delay.

While the Court agrees with Petitioner that the delays have been the fault of the state, it is also clear that Petitioner's direct appeal is now progressing in the Georgia

---

[1] Both Petitioner and counsel for Petitioner filed separate objections to the Recommendation. As Petitioner is represented by counsel, Petitioner's direct filings are inappropriate and not authorized, and will not be considered by the Court.

1

Court of Appeals.[2]  As the Eleventh Circuit has held, "we cannot say that 'there is an absence of available State corrective process[ ] or circumstances exist that render such process ineffective to protect the rights of the applicant,'" now that the state courts are carrying the process forward.  *Slater v. Chatman*, 147 F. App'x 959, 960 (11th Cir. 2005) (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii)).  Therefore, the Court finds that Petitioner's Objection (Doc. 53) fails to rebut the legally sound findings of Judge Langstaff.

Upon review and consideration, the objections set forth in Petitioner's Objection (Doc. 53) are **OVERRULED**, and United States Magistrate Judge Langstaff's Recommendation (Doc. 50) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Petitioner's federal habeas corpus petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to Petitioner's right to refile once he has exhausted the remedies available to him in the state court system.

**SO ORDERED**, this  6th  day of August, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[2] In fact, the Georgia Court of Appeals affirmed Petitioner's convictions on January 26, 2012.  *See Calloway v. State*, 722 S.E. 2d 422 (Ga. App. 2012).